UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD X. GORDON                                CIVIL ACTION

VERSUS                                          NUMBER: 09-3594

LETITIA Z. CLARK                                SECTION: "C"(5)


**REPORT AND RECOMMENDATION**

The above-captioned matter came before the Court pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915.

Citing 28 U.S.C. §§351-364 as the basis for jurisdiction,[1]/ pro se plaintiff, Ronald X. Gordon, brings before the Court the instant complaint against defendant, the Honorable Letitia Z. Clark, United States Bankruptcy Judge for the Southern District of Texas, Houston Division, for alleged racial discrimination/prejudicial conduct in the handling of a case

---

[1]/ The statutes cited by plaintiff pertain to the filing of complaints of alleged misconduct against federal judges in the various United States circuit courts of appeals. 28 U.S.C. §351, et seq.

pending before her; more specifically, the Judge's failure or refusal to reopen a bankruptcy proceeding to which plaintiff was a party. (See complt.). This matter is the latest of a plethora of lawsuits plaintiff has initiated in the federal and state courts of Texas as well as the United States Court of Appeals for the Fifth Circuit related to the alleged fraudulent conveyance of his homestead property in Texas over a decade ago. (Id.)[2]/ What this Court has to do with the property and/or the protracted legal proceedings that preceded this matter is a mystery except possibly the fact that Gordon has worn out his proverbial welcome in other tribunals and is searching for new forums in которой to continue his litigation onslaught. See, e.g., Gordon v. Texas Supreme Court, 2009 WL 646291 (5th Cir. 2009)(appeal dismissed as frivolous and barring plaintiff from filing any additional cases); Gordon v. Madison, 104 Fed.Appx. 428 (5th Cir. 2004)(appeal dismissed as frivolous); Gordon v. Texas Supreme Court, No. H-08-0305 (S.D. Tex. March 26, 2008)(unpublished order barring plaintiff from filing any new related lawsuits without advance written permission);

---

[2]/ In addition to the bankruptcy proceeding before Judge Clark, the Court's research has revealed four appeals involving Gordon at the Fifth Circuit Court of Appeals, at least twenty lawsuits in the United States District Court for the Southern District of Texas, and another twenty-one matters in various state courts in Texas. In the interest of judicial economy, those cases will not be cited here.

Gordon v. Texas First Bank-Texas City, et al., No. H-00-2573 (S.D. Tex. Aug. 29, 2001)(unpublished order dismissing untimely appeal of denial of untimely motion to reconsider reopening of bankruptcy proceeding; fees and costs awarded to other parties).

The Court need not pause long over the allegations set forth in plaintiff's complaint. Jurisdictional concerns notwithstanding, the law is well-settled that jurists like Judge Clark are entitled to absolute judicial immunity in connection with the handling of matters pending before them. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); Graves v. Hampton, 1 F.3d 315, 317-18 (5th Cir. 1993). Plaintiff's lawsuit should thus be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i). Graves, 1 F.3d at 319.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's lawsuit be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  26th  day of     May     , 2009.

                                              ALMA L. CHASEZ
                              UNITED STATES MAGISTRATE JUDGE